UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JERRY BAILEY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN C.V.S.P.,<br><br>Respondent. | Case No. CV 20-10685-DOC (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

## I.  BACKGROUND

On May 18, 2020, Jerry Bailey ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his 2017 conviction and resulting sentence of 16 years in state prison. See id. at 1-2. Petitioner raises claims related to Proposition 57 and requests that the Court immediately release him from prison. See id. at 6-8. On November 25, the case was transferred from the Southern District of California to the Central District. See Dkt. 4.

On January 11, 2021, the Magistrate Judge issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to exhaust state remedies. See Dkt. 6. The OSC noted that although Petitioner stated that he raised his claims to the California Supreme Court, he attached a denial only

from the Superior Court. See id. Additionally, searches under Petitioner's name revealed no state habeas petitions filed with the California Supreme Court. See id.[1] After setting out the relevant legal principles, the Court ordered Petitioner, within twenty-eight (28) days, to either show cause in writing, file a formal stay-and-abey motion, or request that the Petition be dismissed under Federal Rule of Civil Procedure 41(a)(1). See Dkt. 6 at 3. Petitioner was expressly warned that failure to respond could result in the Petition being dismissed for failure to exhaust and for failure to prosecute. See id. The deadline for a response to the OSC has passed without any filing from Petitioner.

## II.   DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56

---

[1] See also https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (Search for "Bailey, Jerry").

(9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner has failed to meet his burden. As set forth above, there is no indication that Petitioner presented his claims to the California Supreme Court. Accordingly, the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). Additionally, Petitioner failed to respond to the Court's OSC. Petitioner's failure to prosecute his case is a second, independent reason for dismissal. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b); Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (setting out factors relevant to deciding whether to dismiss action for failure to prosecute, which weigh against Petitioner).

### III.  CONCLUSION

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, Petitioner is not entitled to the relief he seeks because his claims are unexhausted, and he has failed to prosecute them.

///
///
///
///
///
///
///
///

The Petition is DISMISSED without prejudice. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that the Petition is unexhausted. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Date: March 3, 2021

_____
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge